RENDERED:  MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0469-MR

DARREN C. WILSON                                                        APPELLANT

APPEAL FROM HARRISON CIRCUIT COURT
v.          HONORABLE JAY B. DELANEY, JUDGE
ACTION NO. 20-CI-00055

CYNTHIANA-HARRISON COUNTY-
BERRY JOINT PLANNING
COMMISSION                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, EASTON, AND L. JONES, JUDGES.

ACREE, JUDGE:  Appellant Darren Wilson appeals the Harrison Circuit Court's

order granting summary judgment to Appellee, Cynthiana-Harrison County-Berry

Joint Planning Commission.  He argues on appeal the trial court erroneously

determined his use of property did not constitute a nonconforming use under KRS[1]

---

[1] Kentucky Revised Statutes.

100.253(3).  Because Wilson and his property were subjected to adverse orders and other adverse actions over the span of many years, he cannot satisfy the nonconforming use criteria.  We affirm.

## BACKGROUND

Appellant Darren Wilson purchased a parcel situated in Harrison County, Kentucky in May 2002.  At the time of purchase, and at all times during his ownership, the property has been zoned for agricultural use (A-1).  Despite the zoning designation, Wilson used the property as a junkyard since at least June 2002.  The nature of his junkyard is such that he stores vehicles in need of repair and moves the vehicles in and out as the repairs are completed.

Wilson was asked to come to the Harrison County Fiscal Court on April 22, 2003, to address the junkyard's violation of zoning ordinances.  Prior to this meeting, Wilson was contacted multiple times about the violation yet made no improvements and continued to use the property as a junkyard.  The fiscal court authorized the county attorney to summons Wilson to District Court on charges of violating Harrison County Ordinance No. 155 Series 2000 (nuisance).

On January 13, 2004, Wilson was again before the fiscal court.  Judge Peak asked Wilson to clean up the property and keep it clean.

Little enforcement happened between 2004 and 2013 when Wilson was charged criminally for operating a business in the A-1 district of Harrison

County without proper permits. He was found guilty of violating Harrison County Ordinance Series No. 283, Series 2014.

Again in 2018, the Commission filed a complaint against Wilson. A jury found Wilson guilty of 245 violations of Harrison County Ordinance Series No. 283, Series 2014.

Wilson filed the underlying declaration of rights action against the Commission on March 4, 2020. He alleges he continuously used his property as a junkyard as defined in the Harrison County Zoning Ordinance for ten (10) years without any adverse order or other adverse action by an administrative official for Harrison County and, on that basis, sought a declaration that his junkyard was a permissible nonconforming use pursuant to KRS 100.253(3). The Harrison Circuit Court granted summary judgment for the Commission, finding Wilson's junkyard did not meet the nonconforming use exception.

## ANALYSIS

"The proper standard of review on appeal when a trial judge has granted a motion for summary judgment is whether the record, when examined in its entirety, shows there is 'no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (quoting CR[2] 56.03).

---

[2] Kentucky Rules of Civil Procedure.

-3-

We initially note Wilson has moved this Court to strike the Commission's brief pursuant to RAP[3] 31(H) ("A brief may be stricken for failure to substantially comply with the requirements of these rules."). However, we find no merit to this argument and will proceed with our review.

KRS 100.253(3) provides as follows:

> Any use which has existed illegally and does not conform to the provisions of the zoning regulations, and has been in continuous existence for a period of ten (10) years, and which has not been the subject of ***any adverse order or other adverse action*** by the administrative official during said period, shall be deemed a nonconforming use. Thereafter, such use shall be governed by the provisions of subsection (2) of this section.

KRS 100.253(3) (emphasis added). By this statute, Wilson may qualify his junkyard as a permissible nonconforming use if he can show the property (1) was in continuous existence for ten years, and (2) was not the subject of any adverse order or other adverse action by the administrative official during the period.

It is undisputed that the property is zoned for agricultural use (A-1) only, within which a junkyard is not permitted, and the property has been used as a junkyard since at least June 2002 when the Commission noticed Wilson's violative use of the property. (Record (R.) at 127).

---

[3] Kentucky Rules of Appellate Procedure.

Authorized administrative officials[4] took action against Appellant and his property in 2003, 2004, 2013, and 2018; this is a power conferred upon the officials through the 2003 Zoning Ordinance of Cynthiana-Harrison County-Berry, Kentucky, Article III, Section 300. The ordinance provides as follows:

> An administrative official designated by the appropriate legislative bodies shall administer and enforce this ordinance. He may be provided with the assistance of such other persons as the legislative bodies may direct.

(R. at 165). Section 360 provides "[n]othing herein contained shall prevent the City [or] county from taking such other lawful action as is necessary to prevent or remedy any violation." (R. at 167). By referring Wilson to fiscal court, the administrative official was acting in accordance with the Ordinance.

The question we must answer is whether the 2003, 2004, 2013, or 2018 efforts to remedy Wilson's nonconforming use of the property constitute "adverse order[s] or other adverse action[s]" as stated in KRS 100.253(3). The state planning and zoning statutes do not provide a definition for "adverse order" nor "adverse action." *See* KRS 100.111 *et seq*.

Wilson reads the statute myopically, focusing on the word "action" only and urging a narrow interpretation requiring "evidence of an adverse proceeding in any court of this state" based on the definition of "action" as

---

[4] The Commission identified two individuals as administrative officials: Phillip Sims served from 1988 to 2003 and Linden Smith served from 2003 to 2010.

meaning "all proceeding [sic] in any court of this state." (Appellant Br. at 5) (quoting KRS 446.010(1)). This definition is correct as far as it goes.

However, the legislature began its general definitions statute with a qualifier limiting use of its definitions or not applying them at all if "the context requires otherwise." KRS 446.010 ("unless the context requires otherwise"). We are not seeking the definition of a word, but of a term—"any adverse order or other adverse action"—in the context of administrative oversight of land use at the local level. *See*, *e.g.*, *Adverse Action*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A decision or event that unfavorably affects a person, entity, or association.").

The statutory scheme prohibiting nonconforming land use is remedial because its intent is to conform land use to a comprehensive plan and correcting nonconforming uses. KRS 100.183. Together with the Ordinance, the statutory scheme authorizes local administrative officials to carry out that intention. "[S]tatutes which are remedial in nature should be liberally construed in favor of their remedial purpose." *Workforce Dev. Cab. v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008). The Commission urges this liberal construction.

The Commission argues that a plain reading of the statute lends itself to an interpretation which recognizes that events of a negative consequence to a landowner—*i.e.*, "adverse orders or other adverse actions"—are not limited to formal court proceedings. We agree. We perceive the nonconforming use

exception to require proof of quiet enjoyment of a nonconforming or illegal use of property for a period of ten years uninterrupted by administrative officials' efforts to correct such use. Wilson cannot satisfy that requirement.

Because Wilson cannot satisfy the KRS 100.253(3) requirement that his use of the property has not been the subject of any adverse order or other adverse action for a period of ten (10) years, his property is not exempt from enforcement by the Commission under the nonconforming use exception.

Accordingly, we AFFIRM the Harrison Circuit Court's March 1, 2021 order granting summary judgment in favor of the Cynthiana-Harrison County-Berry Joint Planning Commission.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Patrick H. Watson
Paris, Kentucky

BRIEF FOR APPELLEE:

Brian R. Canupp
Cynthiana, Kentucky